UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

TERRI J. PRICE,

        Plaintiff,

v.                            Civil Action No. 2:16-1529

JOHN F. TUGGLE, executive
director, and
REGION 4 PLANNING AND
DEVELOPMENT COUNCIL,

        Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

        Pending is plaintiff Terri J. Price's motion to seal
her complaint, filed February 12, 2016.


I. Background


        The following facts are taken as true from the
complaint.  Price initiated this action on February 12, 2016,
against the Region 4 Planning and Development Council
("Council") and its executive director, John F. Tuggle
(together, "Defendants").  The Council is a quasi-governmental
agency tasked with planning the economic development of Fayette,
Greenbrier, Nicholas, Pocahontas, and Webster counties in West
Virginia.  Compl. ¶ 2.

At times relevant to this action, Price was the Council's "Assistant Director/Fiscal Manager."  Compl. ¶ 8. During her tenure, Price was, <u>inter</u> <u>alia</u>, sexually harassed, Compl. ¶ 17; denied overtime pay, Compl. ¶ 21; treated with hostility, Compl. ¶ 28; and subjected to emotional distress, Compl. ¶ 32.  On approximately January 30, 2015, defendant Tuggle fired Price with the approval of the Council's executive board.  Compl. ¶ 35.

Price alleges the following causes of action against Defendants: violation of wage and hour laws (Counts I and II); retaliation (Count III); intentional infliction of emotional distress (Count IV); wrongful discharge (Count V); and sex discrimination and hostile work environment (Count VI).[1]

Price argues that the complaint should be filed under seal despite the common-law right of public access.  Pl. Mem. Supp. Seal at 2-4.  As grounds for her motion to seal, Price contends that Defendants may experience "significant negative publicity, animosity, disdain, embarrassment[,] vexation[,] . . . unfair bias and undue prejudice" if the allegations are made public.  <u>Id.</u> at 3.  Further, Price asserts that "the public

---

[1] There is also a Count VII, labeled "Malice," which is not a cause of action but simply seeks to affect the applicable damages standard.

would ascribe the unlawful practices of Defendants to West
Virginia government as a whole[] or . . . wrongly believe that
the government tolerates the Defendants' unlawful practices."
Id. at 4.

Defendants respond that Price has not identified a
reason sufficient to overcome the presumption of public access
to judicial records and that public policy demands access to
judicial records concerning the taxpayer-funded Council.  Def.
Response at 2, 5.  Further, Defendants disclaim any concerns
Price has raised on their behalf.  Def. Response at 6.

## II. Standard of Review

The court notes initially that "[p]ublicity of [court]
. . . records . . . is necessary in the long run so that the
public can judge the product of the courts in a given case."
Columbus–Am. Discovery Grp. v. Atlantic Mut. Ins. Co., 203 F.3d
291, 303 (4th Cir. 2000); accord L.R. Civ. P. 26.4(b)(1) ("The
rule requiring public inspection of court documents is necessary
to allow interested parties to judge the court's work product in
the cases assigned to it.").

The right of public access to court documents derives
from two separate sources: the common law and the First

Amendment.  The common law right affords presumptive access to all judicial records and documents.  <u>Nixon v. Warner Comms., Inc.</u>, 435 U.S. 589, 597 (1978); <u>Stone v. Univ. of Md. Med. Sys. Corp.</u>, 855 F.2d 178, 180 (4th Cir. 1988).  Submitted documents within the common law right may be sealed, however, if competing interests outweigh the public's right of access.  <u>Nixon</u>, 435 U.S. at 598-99; <u>In re Knight Publ'g Co.</u>, 743 F.2d 231, 235 (4th Cir. 1984).  Quoting <u>Knight</u>, our court of appeals has observed as follows:

> Some of the factors to be weighed in the common law balancing test "include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records."

<u>Va. Dept. of State Police v. Wash. Post</u>, 386 F.3d 567, 575 (4th Cir. 2004) (quoting <u>Knight</u>, 743 F.2d at 235).

Whether derived from the First Amendment or the common law, the right of access "may be abrogated <u>only in unusual circumstances</u>." <u>Va. Dept. of State Police</u>, 386 F.3d at 576 (emphasis added).  This principle is emphasized in this court's local rules:

> The rule requiring public inspection of court documents is necessary to allow interested parties to judge the court's work product in the cases assigned to it.  The rule may be abrogated only in exceptional circumstances.

4

L.R. Civ. P. 26.4(b)(1).

If a court determines that sealing is necessary, it
must "state the reasons for [the] decision to seal supported by
specific findings," "consider alternatives to sealing the
documents," and "give notice to the public by docketing the
order sealing the documents." <u>Media Gen. Operations, Inc. v.
Buchanan</u>, 417 F.3d 424, 435 (4th Cir. 2005).


### III. Analysis


Price has failed to identify competing interests
sufficient to outweigh the public's right to access and overcome
the common law presumption in favor of access to all judicial
records. <u>Nixon</u>, 435 U.S. at 597–99. As discussed above, the
right of access "may be abrogated only in unusual
circumstances." <u>Va. Dept. of State Police</u>, 386 F.3d at 576;
L.R. Civ. P. 26.4(b)(1). Price has not identified any unusual
circumstances warranting the need for secrecy. Interestingly,
Price's motion to seal is made on behalf of Defendants' privacy
interests as opposed to her own. Price cites as potential
consequences to public access "negative publicity, animosity,
disdain, embarrassment[,] vexation[,] . . . unfair bias and
undue prejudice" toward Defendants and potential mistrust of the

"West Virginia government as a whole." Pl. Mem. Supp. Seal at 3-4.

Price's concerns fail to meet the threshold required to warrant sealing of the complaint. First, each item in Price's list of concerns is a different way to describe potential embarrassment. Embarrassment, by itself, is generally insufficient to justify secrecy. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006) ("The mere fact that the production of records may lead to a litigant's embarrassment . . . will not, without more, compel the court to seal its records."); Cipollone v. Liggett Grp., 785 F.2d 1108, 1121 (3d Cir. 1986) (stating that a movant must show that embarrassment will be "particularly serious" to justify secrecy); Poliquin v. Garden Way, Inc., 989 F.2d 527, 533 (1st Cir. 1993) ("At least in the absence of extraordinary circumstances, commercial embarrassment is not a 'compelling reason' to seal a trial record."); Femedeer v. Haun, 227 F.3d 1244, 1246 (10th Cir. 2005) (stating that embarrassment is not enough to permit a plaintiff to proceed anonymously) (citing Doe v. Frank, 951 F.2d 320, 324 (11th Cir. 1992)).

Further, the court finds compelling that Defendants explicitly disagree with any concerns Price may have concerning their potential embarrassment. Def. Response at 6. Defendants

state that they "are capable of exercising their standing to assert their own rights and interests" and that they "do not believe that sealing . . . is necessary to protect [their] interests." Id.

Second, permitting a routine action against a government entity to proceed under seal would be the antithesis of the state's policy of a transparent, accountable government. See W. Va. Code § 29B-1-1 ("[I]t is hereby declared to be the public policy of the state of West Virginia that all persons are . . . entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and employees."); see also Under Seal v. Under Seal, No. 94-1171, 1994 WL 283977, at *2 (4th Cir. June 27, 1994) (unpublished) ("Courts have . . . recognized that when cases involve matters of . . . public interest, such as misspent government funds, the rationale for public access is even greater."). Here, Price's allegations against Defendants are matters of public concern, and the public, along with state policy, is best served by permitting public access to the contents of the complaint.

## IV. Conclusion

Accordingly, it is ORDERED that Price's motion to seal her complaint be, and hereby is, denied.  It is further ORDERED that Price's complaint be, and hereby is, unsealed.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

DATED: July 28, 2016

John T. Copenhaver, Jr.
United States District Judge